IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Civil No. 23-216 |
| | ) |
| NEAL ROBERT BLOUNT | ) |

**Opinion and Order on Motion to Dismiss Count 2**

Defendant Neal Robert Blount is charged with two counts of violating the Military Extraterritorial Jurisdiction Act (MEJA), 18 U.S.C. § 3261(a)(1), by way of allegedly engaging in inappropriate conduct with a minor, outside the United States, as proscribed by 18 U.S.C. § 2244(a)(5) (Count 1) and 18 U.S.C. § 2241(c) (Count 2). Presently before the Court is Mr. Blount's Motion to Dismiss Count 2. ECF No. 56. The government filed a Response in opposition to the Motion to Dismiss, to which Mr. Blount filed a Reply. ECF Nos. 59 & 60. Following careful review of the parties' briefs and the applicable law, Defendant's Motion to Dismiss Count 2 will be granted.

**I.      Relevant Background**

As stated, Mr. Blount is charged with two counts of violating 18 U.S.C. § 3261(a)(1), also known as the Military Extraterritorial Jurisdiction Act.[1] Count 1 states as follows:

ABUSIVE SEXUAL CONTACT OF A CHILD UNDER 12 YEARS OF AGE

---

[1] The text of § 3261(a)(1) provides, in relevant part, as follows:

> (a) Whoever engages in conduct outside the United States that would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States--
>     (1) while employed by or accompanying the Armed Forces outside the United States;
> . . .
> shall be punished as provided for that offense.

18 U.S.C. § 3261(a)(1).

>    6.      In or around April 2018, in Okinawa, Japan, the defendant, NEAL
>    ROBERT BLOUNT, did knowingly engage in, and attempt to engage in, sexual
>    contact and cause sexual contact, as defined in Title 18, United States Code,
>    Section 2246(3), that is: by intentionally touching, through the clothing, the
>    breast, buttocks, and genitalia of another person, Victim 1, whose identity is
>    known to the grand jury, who had not attained the age of twelve (12) years, with
>    the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual
>    desire of any person, an offense punishable by imprisonment for more than 1 year
>    if the conduct had been engaged in within the special maritime and territorial
>    jurisdiction of the United States, to wit: an offense punishable by any term of
>    years or for life, in violation of Title 18, United States Code, Section 2244(a)(5).
>    In violation of Title 18, United States Code, Section 3261(a)(l ).

Indictment, ¶ 6. As stated in Count 1, the offense conduct is alleged to be "sexual contact" as defined in 18 U.S.C. § 2246(3). Count 2 states as follows:

>    ATTEMPTED AGGRAVATED SEXUAL ABUSE OF A CHILD UNDER 12 YEARS OF AGE
>
>    8.      In or around April 2018, in Okinawa, Japan, the defendant, NEAL
>    ROBERT BLOUNT, did knowingly attempt to engage in a sexual act, as defined
>    in Title 18, United States Code, Section 2246(2), with a child, Victim 1, whose
>    identity is known to the grand jury, who had not attained the age of twelve (12)
>    years, an offense punishable by imprisonment for more than 1 year if the conduct
>    had been engaged in within the special maritime and territorial jurisdiction of the
>    United States, to wit: such offense is punishable by not less than 30 years or for
>    life, in violation of Title 18, United States Code, Section 2241(c). In violation of
>    Title 18, United States Code, Section 3261(a)(l ).

Indictment, ¶ 8 (incorporating by reference, the preceding Indictment General Allegations). As stated in Count 2, the offense conduct is alleged to be a "sexual act" as defined in 18 U.S.C. § 2246(2)(A). In the government's Bill of Particulars, it provided the following additional information with respect to Count 2:

>    MV1 [Minor Victim 1] is also anticipated to testify that, on another
>    occasion in or around April 2018 while the defendant was living in Japan and
>    subject to MEJA, MV1 and another minor had been swimming in the backyard
>    pool. MV1 will testify that, after swimming, MV1 fell asleep on the couch in her
>    bathing suit. MV1 was sleeping on her stomach but awoke to the defendant on top
>    of her while humping her buttocks. MV1 could feel the defendant grinding his
>    erect penis against her buttocks, which constituted an attempted sexual act with
>    another person who had not attained the age of 12 years, a violation of 18 U.S.C.
>    § 2241(c). As defined in 18 U.S.C. § 2246(2), "the term 'sexual act' means – (A)
>    contact between . . . the penis and the anus . . . however slight." The government

has provided to defense counsel a report of the interview of MV1 that occurred on October 7, 2021, detailing this allegation.

The government will also likely move to admit at trial some or all of the admissions the defendant made during his interview as substantive evidence for this Count as well.

ECF No. 55, at 3-4. Mr. Blount argues that the allegations concerning Count 2, set forth in the Indictment and Bill of Particulars, fail to allege conduct that constitutes an attempted "sexual act" as defined in 18 U.S.C. § 2246(2)(A). Section 2246(2)(A) defines the term "sexual act," as follows:

> (2) the term "sexual act" means—
>
> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

18 U.S.C. § 2246(2)(A).[2]

## II.    Standard of Review

"Federal Rule of Criminal Procedure 12(b)(3)(B)(v) authorizes a defendant to lodge a pretrial challenge to the sufficiency of an indictment for 'failure to state an offense.'" *United States v. Willis*, 844 F.3d 155, 162 (3d Cir. 2016). In bringing such a motion, a defendant may

---

[2] Section 2246(2)'s complete definition of the term "sexual act" is:

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]

18 U.S.C.A. § 2246(2).

"claim that an indictment fails to state an offense on the basis that the specific facts alleged ... fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Willis*, 844 F.3d at 162. In considering such a motion, the court takes the factual allegations in the Indictment, as well as those stated in the Bill of Particulars, as true. *United States v. Hird*, 913 F.3d 332, 339 (3d Cir. 2019). "In sum, the Court generally engages in 'a narrow, limited analysis geared only towards ensuring that legally deficient charges do not go to a jury.'" *United States v. Miah*, 546 F. Supp. 3d 407, 418 (W.D. Pa. 2021) (quoting *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011). A motion to dismiss, however, is "'not a permissible vehicle for addressing the sufficiency of the government's evidence.'" *United States v. Gillette*, 738 F.3d. 63, 74 (3d Cir. 2013) (quoting *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)). Such challenges are reserved for trial. *Gillette*, 738 F.3d at 74. In a criminal case the "government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29," after the government has presented its evidence. *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000) (emphasis added).

**III.    Discussion**

Mr. Blount argues that the government does not allege, consistent with § 2246(2)(A)'s definition of a "sexual act," that Mr. Blount's penis was in contact, or attempted contact, with the minor victim's unclothed anus. Def. Resp. 5; Def. Reply 1. Mr. Blount points out that, although the government refers to the relevant statutory definition of a "sexual act", the government's reference to the definition omits the necessary requirement that the "contact" consist of "penetration, however slight." Def. Reply 2. For example, the government states in its Response: "As defined in 18 U.S.C. § 2246(2), 'the term "sexual act" means – (A) contact

between . . . the penis and the anus . . . however slight.'" Gov. Resp. 2-3; *see also* Bill of Particulars at 3, using the identical quotation. The definition of "sexual act," however, is clear in explaining that "for purposes of this subparagraph contact involving the penis occurs *upon penetration*, however slight. 18 U.S.C. § 2246(2)(A) (emphasis added)

Additionally, Mr. Blount argues that the government's allegations do not meet the definition of "sexual act," because the allegations refer only to the minor victim's *buttocks*, not the *anus*, which is insufficient to equate to the type of "sexual act" described in § 2246(2)(A). Def. Reply 1. The buttocks, Mr. Blount points out, is a distinct body part from the anus. He highlights this distinction by reference to the definition of "sexual contact" in 18 U.S.C. § 2246(3), which lists said bodily parts separately. The statute states:

> (3) the term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, *anus*, groin, breast, inner thigh, or *buttocks* of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246 (emphasis added).

Finally, with respect to an alleged "attempted" sexual act, Mr. Blount argues that the alleged conduct - grinding a penis against a clothed buttocks - does not support an attempt to commit the defined "sexual act." *Id.* In the Bill of Particulars, the government alleges that the offending conduct consists of Mr. Blount "humping" the minor victim's clothed buttocks and that the minor victim could feel Mr. Blount grinding his erect penis against her. ECF No. 55, at 3. According to Mr. Blount, what is missing from the government's allegations, is an allegation that by humping against a clothed buttocks, Mr. Blount actually intended to attempt to penetrate the anus with his penis. *Id.* He also argues that Count 2 is subject to dismissal because the government fails to "claim that Mr. Blount attempted to remove any clothes or engage in any other conduct that might be construed as attempting to penetrate the anus." *Id.* 2-3. Therefore,

Mr. Blount argues that, given the actual allegations, the government is unable to state an offense or an attempted offense, and Count 2 must be dismissed.

In Response, the government argues that "sufficient facts exist to prove that the defendant attempted to commit aggravated sexual abuse of a child under twelve while subject to" MEJA. ECF No. 59, at 1. Accordingly, the government argues that whether said alleged facts are sufficient to support a conviction, is a question for the jury. The government emphasizes that Count 2 is charged as an "attempt" to engage in a defined "sexual act" and that a "conviction for attempt under this statute 'requires evidence that a defendant (1) acted with the requisite intent to violate the statute, and (2) performed an act that, under the circumstances as he believes them to be, constitutes a substantial step in the commission of the crime.'" Gov. Resp. 3 (quoting *United States v. Davis*, 985 F.3d 298, 302 (3d Cir. 2021)). The government argues that the facts set forth in the Indictment and Bill of Particulars satisfactorily state a violation and that whether the government can establish a violation is a matter for the jury, or for the Court on a properly presented Rule 29 motion.

In order to state an offense in this case, the facts plead in the Indictment, supplemented by the facts plead in the Bill of Particulars, must sufficiently state the definition of a "sexual act." The Indictment alleges that Mr. Blount violated MEJA(a)(1) by engaging in the following relevant conduct, which is proscribed by § 2241(c)[3] as defined by 2246(2)(A): Mr. Blount is alleged to have knowingly attempted to engage in a "sexual act," as defined in Title 18, United States Code, Section 2246(2), with a child, who had not attained the age of twelve (12) years. ECF No. 3, at 3. The allegations of the Bill of Particulars provide the following information: While the minor victim was sleeping on the couch and wearing a bathing suit, she awoke to Mr.

---

[3] In relevant part, § 2241(c) prohibits a person from "knowingly engag[ing] in a sexual act with another person who has not attained the age of 12 years, . . . or attempts to do so." 18 U.S.C. § 2241(c).

Blount humping her buttocks and she could feel the defendant grinding his erect penis against her buttocks. ECF No. 55, at 3. Accepting said allegations as true, the question is whether Mr. Blount's alleged conduct constitutes a "sexual act" as defined within the meaning of § 2246(2)(A). A "sexual act" is defined as "contact between the penis . . . and the anus, . . . [with] contact involving the penis occur[ing] upon penetration, however slight." 18 U.S.C. § 2246(A)(2). To establish that a "sexual act" occurred, therefore, requires proof that Mr. Blount engaged in, or attempted to engage in, contact between the penis and the anus, involving penetration, however slight. 18 U.S.C. § 2246(2). The Court concludes that the allegations are insufficient to state an offense based on the definition of a "sexual act," because there are no allegations of attempted contact between the penis and the minor victim's anus, involving penetration, however slight. The alleged "humping" of the victim's buttocks also fails to conform to the definition of a sexual act, both as to the alleged activity (humping, instead of penetration) and as to the victim's body part (the buttocks, instead of the anus).

The government maintains that the issue here is a question of the sufficiency of the evidence. It argues that the defense will have the opportunity to cross-examine the minor victim so that the "jury can assess her credibility and the sufficiently of the allegations." Gov. Resp. at 2, 4. In addition, the government argues that facts that are uncertain at this stage, may become established and/or clarified at trial. The government's reference to potential, but unknown, testimony and evidence is insufficient to establish that an offense has properly been stated. Specifically, the government's observations about future, uncertain evidence and testimony, cannot work to state a § 2241(c) offense that is legally deficient based upon the government's

actual allegations. The government has not otherwise alleged conduct that would constitute an attempt to commit a "sexual act."[4]

The Court concludes that the Indictment and Bill of Particulars fail to provide sufficient allegations of the offense conduct to support a charge that Mr. Blount committed a "sexual act," as defined in 18 U.S.C. § 2246(A)(2). Reviewing the allegations in light of the statutory definition of "sexual act," the allegations fail to sufficiently state that Mr. Blount attempted to engage in contact between the penis and the anus involving penetration, however slight. Because the definition of a "sexual act" requires contact, or attempted contact, between the penis and the anus, including penetration, however slight, and such is not alleged, the Court agrees with Mr. Blount that the alleged conduct with which he is charged is outside the scope of the definition of a sexual act; and therefore, cannot constitute conduct proscribed by § 2241(c). *Bergrin*, 650 F.3d at 264–65 ("district court must find that 'a charging document fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation'") (quoting *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir.2002)). The government's allegations, therefore, do not fall within the scope of the relevant criminal statute, 18 U.S.C. § 2241(c), and Count 2 must be dismissed. Accordingly, Mr. Blount's Motion to Dismiss Count 2 will be granted.

---

[4] With respect to allegations that Mr. Blount and the minor victim were wearing bathing suits or towels at the time of the alleged conduct, the presence of such bathing suits or other clothing and/or towels would not necessarily fall outside the definition of a sexual act. *See United States v. Norman T.*, 129 F.3d 1099, 1103 (10th Cir. 1997) (the "statute gives no indication Congress intended to treat penetration through an intervening material differently from direct penetration," and the presence of clothing, therefore, is typically considered an issue of fact regarding the element of penetration). Here, though, the government has not alleged the necessary element of attempted or penetration of the anus, however slight, with or without clothes.

### IV.     Conclusion

For the reasons explained above, Defendant Neal Robert Blount's Motion to Dismiss Count 2 (ECF No. 56) is granted for failure to state a criminal offense.

An appropriate Order will be entered.

Dated: February 5, 2025

_____
Marilyn J. Horan
United States District Court Judge